# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PEREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELAWARE NORTH COMPANIES, INC., et al.,<br><br>    Defendants. | Case No. 1: 19-cv-00484-DAD-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL OF PLAINTIFF DAVID PEREZ AND DEFENDANT DNC PARKS & RESORTS AT KING'S CANYON, INC., PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE DOCKET TO REFLECT STATUS OF PLAINTIFF MARIA VEGA<br><br>(ECF No. 68) |

    Following adjudication of motions to dismiss, Plaintiffs David Perez and Maria Socorro Vega, on behalf of themselves and all others similarly situated, maintain this putative class action against Defendants Delaware North Companies, Inc., DNC Parks & Resorts at King's Canyon, Inc., and DNC Parks & Resorts at Tenaya Inc. (ECF Nos. 53, 66.) No motion for class certification has been filed. A scheduling conference has not been held, and is currently scheduled for March 29, 2022. (ECF No. 68.) On March 22, 2022, the parties filed a stipulation for the dismissal of Plaintiff David Perez, and Defendant DNC Parks & Resorts at King's Canyon, Inc., only. (ECF No. 68.)

Rule 41 provides that the parties may voluntarily dismiss an action by a stipulation of dismissal signed by all who have appeared, but this is subject to Rule 23(e).  Fed. R. Civ. P 41(a)(1)(A)(ii).  Pursuant to Rule 23(e) the "claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).

By way of background, Rule 23(e) was amended on December 1, 2003, to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified."  Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also Appeals by named plaintiffs and defendants, 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only.").  "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification."  Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").)  "The drafters of the amendments intended to 'limit the reach of judicial approval' of voluntary dismissals of class action."  Sample, 2012 WL 1880661, at *3 (quoting Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of NonClass Mass Settlement, 80 Fordham L.Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")).  While the voluntary dismissal has been considered problematic, the revised rule does allow the parties to voluntarily dismiss the action without court approval where the class has not been certified. Sample, 2012 WL 1880661, at *3; see also Voluntary dismissal, 2 McLaughlin on Class Actions § 6:1 (17th ed.) ("Because a judgment entered on a settlement between only the named plaintiffs and defendants prior to class certification will have no preclusive effect on the claims of absent class members, there was little reason to apply the court approval requirement of Rule 23(e) to

such individual resolutions . . . where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure".).

Here, no class has been certified and the matter is being dismissed as to these parties only without prejudice. Therefore, the Court finds that dismissal does not require court approval under Rule 23(e), and this Plaintiff and this Defendant may be dismissed pursuant to Rule 41. The Court notes, however, that the docket does not currently reflect that the remaining Plaintiff Maria Socorro Vega brings this action on behalf of others similarly situated. The Court shall also direct the Clerk of the Court to update the docket to so reflect the status of the remaining Plaintiff.

In light of the stipulation of the parties, Plaintiff David Perez and Defendant DNC Parks & Resorts at King's Canyon, Inc., shall be terminated in this action, Fed. R. Civ. P. 41(a)(1)(A)(ii), without prejudice. Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to terminate Plaintiff David Perez and Defendant DNC Parks & Resorts at King's Canyon, Inc., as parties in this action; and

2. The Clerk of the Court is DIRECTED to update the docket to reflect that Plaintiff Maria Socorro Vega brings this action as an individual, and on behalf of others similarly situated.

IT IS SO ORDERED.

Dated: __March 23, 2022__

UNITED STATES MAGISTRATE JUDGE

3