# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOCORRO VEGA,<br><br>Plaintiff,<br><br>v.<br><br>DNC PARKS & RESORTS AT ASILOMAR, INC., et al.,<br><br>Defendants. | Case No. 1:19-cv-00484-ADA-SAB<br><br>ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO EX PARTE MOTION<br><br>ORDER EXTENDING DEADLINE TO FILE OPPOSITION TO CLASS CERTIFICATION MOTION<br><br>ORDER CONTINUING APRIL 5, 2023 HEARING ON CLASS CERTIFICATION MOTION<br><br>(ECF Nos. 82, 83, 86) |

**I.**

**INTRODUCTION**

Plaintiff initiated this putative class action on April 12, 2029.  (ECF No. 1.)  Pursuant to the amended scheduling order, the pre-certification discovery cutoff was set for December 14, 2022.  (ECF No. 81.)  Plaintiff filed a motion to certify class on February 17, 2023.  (ECF No. 82.)  The hearing on the motion is currently set for April 5, 2023.  (ECF No. 83.)  On March 2, 2023, Defendants filed an *ex parte* application (1) to extend the deadline to file their opposition to Plaintiff's motion for class certification to allow time for depositions of putative class members who submitted declarations in support of Plaintiff's motion for class certification; (2)

for leave to take the depositions of the 16 witnesses who submitted declarations in support of Plaintiff's motion; and (3) for an order providing that the declarations will be stricken if the declarants are not produced for deposition within 60 days. (ECF No. 86.)

## II.

## DISCUSSION

1. *Ex Parte* Relief

In general, the Court will not grant *ex parte* relief unless "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief, or … the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Continental Cas. Co. (Mission Power), 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Erichsen v. Cty. of Orange, 677 Fed. App'x 379, 380 (9th Cir. 2017) (affirming determination that moving parties failed to meet the "threshold requirement" for *ex parte* relief because "they did not establish they were 'without fault in creating the crisis that requires ex parte relief' ").

Defendants proffer they are entitled to *ex parte* relief because the parties originally agreed to stipulate to produce witnesses and extend the opposition deadlines, but Plaintiff's counsel reneged on this agreement on the eve of Defendants' deadline to oppose the class certification motion. The Court finds Defendants would be irreparably prejudiced because, absent *ex parte* relief, the deadline to oppose the class certification motion, March 3, 2023, will have passed before Defendants have had an opportunity to be heard on the merits of their motion to modify the schedule, and they may be unable to meaningfully oppose the class certification motion without the requested discovery. Further, the Court finds Defendants are without fault in creating the instant situation requiring ex parte relief because they reasonably believed a stipulation was forthcoming until Plaintiffs altered the terms of the stipulation on the eve of Defendants' filing deadline. On this record, the Court finds *ex parte* relief is warranted. Mission Power, 883 F. Supp. 488, 492.

2. Motion to Modify Schedule and Extend Deadlines

Under Federal Rule of Civil Procedure ("Rule") 16, once a scheduling order has been

1  filed, the "schedule may be modified only for good cause and with the judge's consent." Fed. R.
2  Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the
3  party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
4  1992). A court may modify the schedule "if it cannot reasonably be met despite the diligence of
5  the party seeking the extension." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th
6  Cir. 2002) (citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a
7  finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609
8  (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry
9  should end." Id.

10  In the instant *ex parte* application, Defendants seek an extension of time to oppose
11  Plaintiff's class certification motion. They also seek leave to take the depositions of the 16
12  witnesses who submitted declarations in support of Plaintiff's motion, an order requiring
13  Plaintiff to produce the declarants for depositions within 60 days, and a modification of the
14  schedule to reopen pre-certification discovery for this limited purpose. Defendants proffer good
15  cause exists for the requested relief because Plaintiff did not respond to Defendants' meet and
16  confer attempts to discover the identities of the class certification witnesses prior to the filing of
17  Plaintiff's class certification motion, and Defendants need to depositions in order to oppose the
18  class certification motion.

19  Given the nature of the proffers of defense counsel and Defendants' requested relief, the
20  Court shall require Plaintiff to file an opposition or statement of non-opposition to Defendants'
21  motion before it issues a ruling on the matter. To that end, the Court shall grant Defendants a
22  brief extension of the deadline to oppose the class certification motion and shall continue the
23  hearing on Plaintiff's motion.

## III.

## CONCLUSION AND ORDER

26  Accordingly, IT IS HEREBY ORDERED that:
27  1.   Plaintiffs shall file an opposition or statement of non-opposition to Defendants' *ex*
28       *parte* motion seeking leave to depose the 17 aforementioned witnesses **no later**

**than March 13, 2023**, at which time the *ex parte* motion will be deemed submitted;

2. The deadline for Defendants' opposition to Plaintiff's class certification motion shall be extended to **March 20, 2023**; and

3 The April 4, 2023 hearing on the class certification motion is CONTINUED to **April 26, 2023**, at **10:00 a.m**. in **Courtroom 9**.

IT IS SO ORDERED.

Dated:   **March 3, 2023**

UNITED STATES MAGISTRATE JUDGE