# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOCORRO VEGA,<br><br>    Plaintiff,<br><br>    v.<br><br>DNC PARKS & RESORTS AT ASILOMAR, INC., et al.,<br><br>    Defendants. | Case No. 1:19-cv-00484-ADA-SAB<br><br>ORDER DIRECTING PLAINTIFF TO LODGE INITIAL DISCLOSURES WITH COURT<br>**DEADLINE: MARCH 20, 2023**<br><br>ORDER DIRECTING DEFENDANTS TO FILE REPLY BRIEF<br>**DEADLINE: MARCH 21, 2023**<br><br>(ECF Nos. 86, 88, 89) |

Plaintiff initiated this putative class action on April 12, 2019. (ECF No. 1.) Pursuant to the amended scheduling order, the pre-certification discovery cutoff was set for December 14, 2022. (ECF No. 81.) Plaintiff filed a motion to certify class on February 17, 2023. (ECF No. 82.) The hearing on the motion is currently set for April 26, 2023. (ECF No. 87.)

On March 2, 2023, Defendants filed an *ex parte* application (1) to extend the deadline to file their opposition to Plaintiff's motion for class certification to allow time for depositions of witnesses who submitted declarations in support of Plaintiff's motion for class certification; (2) for leave to take the depositions of the 17 witnesses who submitted declarations in support of Plaintiff's motion (16 putative class members and one expert witness); and (3) for an order providing that the declarations will be stricken if the declarants are not produced for deposition within 60 days. (ECF No. 86.) On March 3, 2023, the Court directed Plaintiff to file an

1 opposition or statement of non-opposition to Defendants' application with respect to the
2 discovery modification request. (ECF No. 87.)

3 On March 13, 2023, Plaintiff filed an opposition to the *ex parte* application. (ECF No.
4 88.) In particular, Plaintiff argues she never stipulated to waive Federal Rule of Civil Procedure
5 ("Rule") 30's ten-deposition limit, and Defendants fail to demonstrate good cause exists to waive
6 Rule 30's ten-deposition limit because they do not discuss whether the depositions of each
7 declarant are unreasonable necessary, not conducted for an improper purpose, and not unduly
8 burdensome in the context of this case and its issues. (ECF No. 88 at 5–6.)

9 As to this last argument, the Court agrees that the substantive arguments of Plaintiff's *ex*
10 *parte* application for an order permitting additional depositions beyond the ten-deposition limit
11 imposed by Rule 30 appears thin and not fully-briefed.[1] Accordingly, the Court shall order
12 Defendants to file a reply brief to address Plaintiff's arguments raised in opposition to the *ex*
13 *parte* application.[2]

14 Nevertheless, the Court is also mindful that, under Rule 26, a party must provide to the
15 other parties "the name and, if known, the address and telephone number of each individual
16 likely to have discoverable information—along with the subjects of that information—that the
17 disclosing party may use to support its claims or defenses, unless the use would be solely for
18 impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Failure to timely fully investigate the case does
19 not excuse a party from making its initial disclosures. Fed. R. Civ. P. 26(a)(1)(E). Under Rule
20 37(c), a party that fails to properly disclose evidence may not "use that information to supply

---

[1] To this point, the Court reminds the parties that a proper *ex parte* application contains two distinct motions: (1) a motion addressing only why the regular noticed motion procedures must be bypassed, *and* (2) papers that would be identical to a regular noticed motion seeking the specific relief. See Mission Power Eng'g Co. v. Cont'l Cas. Co. (Mission Power), 883 F. Supp. 488, 492–93 (C.D. Cal. 1995). In the Court's prior order, it merely concluded that Defendants proffered sufficient good cause to bypass the regular noticed motion procedures; whether Defendants have presented a sufficient basis to grant the requested relief—here, modification of the schedule to reopen discovery, waiver of Rule 30's ten deposition limit, and potential discovery sanctions—remains to be determined.

[2] The Court is mindful that Defendants submitted a supplemental declaration on March 25, 2023, which does, to some extent, appear to address some of the good cause concerns raised in Plaintiff's oppositional brief. (ECF No. 89.) However, it appears the declaration mostly seeks to apprise the Court of new developments regarding the parties' efforts to complete the seven depositions proposed by Plaintiff in her opposition, and certain declarants' failures to appear for their duly noticed depositions. Therefore, Defendants must still submit a brief in reply to Plaintiff's oppositional arguments.

evidence on a motion, at hearing, or at trial," unless the failure to disclose was "substantially justified or is harmless." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008); see also Day v. GEICO Cas. Co., No. 21-cv-02103-BLF, 2022 WL 16556802, at *5 (N.D. Cal. Oct. 31, 2022) (sustaining plaintiff's Rule 37 objections to defendant's use of declaration in opposition to class certification motion, because declarant was not included in defendant's initial disclosures and defendant failed to show that the failure to disclose was substantially justified or harmless).

Here, the parties indicated they completed initial disclosures in July 2019. (See ECF No. 71 at 8; see also ECF No. 74 at 2.) However, it is unknown to the Court at this time whether Plaintiff disclosed the identities of all of her declarant witnesses in her initial disclosures provided to Defendants and visa versa. Therefore, the Court shall require Plaintiff and Defendants to provide a copy of their initial disclosures to the Court for further review.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff and Defendants shall, **no later than March 20, 2023**, lodge with the Court a copy of their Rule 26 initial disclosures;

2. Defendants shall, **no later than March 21, 2023**, file a reply to Plaintiff's opposition to their *ex parte* application; and

3. No other supplemental filings shall be filed, absent leave of the Court.

IT IS SO ORDERED.

Dated:   **March 16, 2023**

UNITED STATES MAGISTRATE JUDGE