# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOCORRO VEGA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DNC PARKS & RESORTS AT ASILOMAR, INC., et al.,<br><br>　　　Defendants. | Case No.  1:19-cv-00484-ADA-SAB<br><br>ORDER PARTIALLY GRANTING EX PARTE APPLICATION<br><br>ORDER CONTINUING APRIL 26, 2023 HEARING ON CLASS CERTIFICATION MOTION AND BRIEFING DEADLINES<br><br>(ECF Nos. 82, 86, 87, 88) |

**I.**

**INTRODUCTION**

Plaintiff initiated this putative class action on April 12, 2019.  (ECF No. 1.)  Pursuant to the amended scheduling order, the pre-certification discovery cutoff was set for December 14, 2022. (ECF No. 81.)  Plaintiff filed a motion to certify class on February 17, 2023.  (ECF No. 82.)  The hearing on the motion is currently set for April 26, 2023.  (ECF No. 87.)

On March 2, 2023, Defendants filed an *ex parte* application (1) to extend the deadline to file their opposition to Plaintiff's motion for class certification to allow time for depositions of witnesses who submitted declarations in support of Plaintiff's motion for class certification; (2) for leave to take the depositions of the 17 witnesses who submitted declarations in support of Plaintiff's motion (16 putative class members and one expert witness); and (3) for an order

1

providing that the declarations will be stricken if the declarants are not produced for deposition so that the depositions may be completed within 60 days.  (ECF No. 86.)  On March 3, 2023, the Court determined that *ex parte* relief was warranted, but required supplemental briefing from the parties.[1]  (See ECF Nos. 87, 90.)  To facilitate adjudication of the *ex parte* matter, the Court also granted a brief continuance of the briefing deadlines and continued the hearing on the class certification motion to April 26, 2023.  (ECF No. 87 at 3–4.)  On March 13, 2023, Plaintiff filed an opposition to the *ex parte* application.  (ECF No. 88.)  On March 15, 2023, Defendants filed a supplemental declaration in support of the *ex parte* application and advising of recent updates in the parties' meet and confer efforts.  (ECF No. 89.)  On March 20, 2023, at the Court's direction, the parties submitted copies of their initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26.  (ECF Nos. 92, 93.)  On March 21, 2023, Defendants filed a reply to Plaintiff's opposition to the *ex parte* application.  (ECF No. 93.)  The matter is now deemed submitted.

## II.

## BACKGROUND

As noted, the amended scheduling order provides for a pre-certification discovery cutoff date of December 14, 2022, and a class certification filing deadline of February 17, 2023.  (ECF Nos. 74, 81.)

On January 23, 2023, Defendants produced 36 recently-obtained declarations to Plaintiff which Defendants intended to use to oppose Plaintiff's class certification motion, along with a letter requesting that Plaintiff likewise produce any declarations she had obtained so that Defendants could arrange for depositions of those witnesses.  (Pelliconi Decl. ¶ 5, ECF No. 86-1 at 2–5; Ex. A, ECF No. 86-1 at 6–7.)  On January 30, 2023, having not received a response,

---

[1] The Court notes that a portion of Plaintiff's opposition appears to be devoted to arguing that the *ex parte* review itself is not warranted.  However, the Court already determined that it was, in its March 3, 2023 order.  (ECF No. 87 at 2); see also Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492–93 (C.D. Cal. 1995) (explaining under heading "What does a proper ex parte motion consist of?" that *ex parte* application contains two distinct motions, (1) a motion addressing only why the regular noticed motion procedures must be bypassed, and (2) papers that would be identical to a regular noticed motion seeking the specific relief).  Having previously determined Defendants sufficiently met the initial *ex parte* threshold, the Court shall limit its review to the substantive merits of the parties' arguments with respect to Defendants' requests to extend the discovery and class certification briefing deadlines, and for leave to depose the 16 identified putative class member witnesses.

2

1  defense counsel emailed Plaintiff's counsel to again request the declarations and to inquire into
2  Plaintiff's intention to file a class certification motion. (Pelliconi Decl. ¶ 6; Ex. B at 13, ECF
3  No. 86-1 at 8–13.)  Defense counsel called Plaintiff's counsel on February 6, 2023, and left a
4  voicemail to follow up again, but did not receive a response. (Pelliconi Decl. ¶ 6.) On February
5  7, 2023, defense counsel emailed Plaintiff's counsel to request to meet and confer about the
6  motion for class certification and production of any supporting declarations Plaintiff had
7  obtained. (Id. at ¶ 7; Ex. B at 12.)

8  Plaintiff filed the class certification motion on February 17, 2023. (ECF No. 82.) The
9  motion is supported by an expert declaration and 16 putative class member witnesses that
10 Defendants contend were not previously identified or produced. (See ECF Nos. 82, 84, 85; see
11 also Pelliconi Decl. ¶¶ 8–10.) Plaintiff's initial disclosures support this contention. (See ECF
12 No. 92.) The initial disclosures, which Plaintiff never supplemented, identify 17 "individuals
13 likely to have discoverable information," which includes former Plaintiff David Perez, current
14 Plaintiff, and vague references to "other current and former non-exempt employees" and "current
15 and former owners, directors, managers, officers, coordinators, supervisors, consultants, payroll
16 staff, general counsel, IT staff, and human resources, operations, and supervisory personnel."
17 (ECF No. 92-1 at 3–4.) Of the other 13 individuals identified, four were identified by first name
18 only.  With the exception of Plaintiff, none of the individuals who submitted declarations in
19 support of Plaintiff's class certification motion are identified in Plaintiff's initial disclosures.[2]
20 (Compare ECF No. 82-1 at 2 with ECF No. 92-1 at 3–4.)

21 On February 21, 2023, Plaintiff's counsel emailed defense counsel to coordinate
22 exchanging declarations and setting depositions of the witness declarants. (Pelliconi Decl. ¶ 9;
23 Ex. B at 11–12.) The parties met and conferred via telephone that same day. (Pelliconi Decl. ¶¶
24 9–10; Kirnosova Decl. ¶ 3, ECF No. 88-1.) Defendants proffer Plaintiff's counsel agreed to

---

[2] The Court notes the class certification motion includes declarations from Michael Arias and Michael Davis (ECF No. 82-1 at 2), while Plaintiff's initial disclosures identify one potential witness as "Michael [Last Name Unknown], current or former Supervisor of Defendants who is likely to have information regarding Plaintiff's and putative class members' work experiences, Defendant's operations, and the claims alleged in this action" (ECF No. 92-1 at 3). The Court acknowledges it is possible that the Michael indicated in the initial disclosures was the same individual as one of the Michaels who submitted a declaration in support of Plaintiff's motion.

1  stipulate to extend the briefing deadlines for the class certification motion so that both sides
2  could take the depositions of every witness declarant; Defendants expressly maintain the parties
3  discussed and agreed that Plaintiff would produce every witness who submitted a declaration in
4  support of the class certification motion for deposition, and that Defendants would produce all 36
5  of their witness declarants for depositions as well.  (Pelliconi Decl. ¶ 10.)  Defendants further
6  proffer the parties agreed that each side would stipulate to a specific date range for the
7  depositions of their witnesses to take place, with the corresponding briefing deadline to follow
8  thereafter.  (Id.)  Plaintiff, by contrast, proffers she only agreed to extend Defendants' briefing
9  deadline.  (Kirnosova Decl. ¶ 3.)  Thereafter, Defendants sent a proposed stipulation to Plaintiff
10 to extend the deadline for the opposition and reply to the class certification motion.  (Pelliconi
11 Decl. ¶ 9.)  As a result of the parties' apparent miscommunication and/or misunderstanding,
12 however, Plaintiff refused to agree to all of the terms set forth in Defendants' proposed
13 stipulation, the parties reached an impasse in their meet and confer attempts, and this ultimately
14 resulted in the filing of the instant *ex parte* application.  (See id. at ¶¶ 11–13; Ex. B at 9–10; Ex.
15 C, ECF No. 86-1 at 14–19; Kirnosova Decl. ¶¶ 4–6.)

16       After the Court extended the opposition filing deadline to March 20, 2023 (ECF No. 87),
17 Plaintiff's counsel emailed defense counsel with the deposition availability of seven putative
18 class members for dates between March 13, 2023 and March 20, 2023.  (Kirnosova Decl. ¶ 6.)
19 On March 8, 2023, Defendants served deposition notices for the seven previously identified
20 declarants, along with 36 requests for production of documents, to which Plaintiff has objected.
21 (Id. at ¶ 7.)  Defendants requested availability of all declarants, so that they could choose which
22 of the seven declarants they wanted to depose first, but this information was not provided;
23 nonetheless, in the interests of expediency, Defendants agreed to depose the seven witnesses
24 proffered by Plaintiff.  (Pelliconi Decl. 2 ¶ 7, ECF No. 89.)

25       Defendants paid the witness fees, but five of the seven scheduled depositions were
26 nevertheless cancelled at the last minute by the deponents due to various "conflicts" (one
27 deponent refused, without prior warning, to appear on the date of the deposition), and Plaintiff
28 has not assisted Defendants in their efforts to reschedule them.  (Id. at ¶¶ 8–11.)  Of the two

1 depositions that have occurred (Ryan Hoppenrath and Miguel Arias), Defendants note both 2 declarants testified that certain facts stated in their declarations were false. (Id. at ¶ 12.) 3 Defendants proffer Plaintiff will not tell them, in advance of the depositions, which declarants 4 they represent and will not cooperate in the process of securing the depositions by way of 5 accepting deposition notices or subpoenas for the witnesses. (Id. at ¶ 13.) Defendants further 6 proffer Plaintiff now contends her expert witness cannot be deposed until April 2023. (Id. at ¶ 7 14.) In light of Plaintiff's purported recalcitrance in producing the deponents for depositions, 8 Defendants anticipate that noticed discovery motions will be necessary, and they request the 9 briefing deadline for the opposition to the class certification motion be extended accordingly. 10 (Id. at ¶ 16.)

11 As previously detailed, the Court ordered submission of the parties' initial disclosures and Defendants' reply to Plaintiff's opposition to their *ex parte* application; the parties have submitted these filings. (See ECF Nos. 90, 91, 92, 93.) The matter is now fully briefed and deemed submitted on the pleadings.

### III.

### DISCUSSION

Defendants seek a modification of the schedule to reopen pre-certification discovery for the limited purpose of deposing the identified witnesses, an extension of time to oppose Plaintiff's class certification motion in order to permit the depositions, and an order requiring Plaintiff to produce the declarants for depositions within 60 days or their declarations will be stricken. (ECF No. 86 at 2.) In addition, Defendants seek leave to take the depositions of the 17 witnesses who submitted declarations in support of Plaintiff's class certification motion (this includes 16 putative class members and one expert witness), in excess of the ten-deposition limit provided under Federal Rule of Civil Procedure 30(a)(2)(A)(i). (Id.) Plaintiff opposes Defendants' request with respect to ordering the additional depositions, and requiring them to be taken within 60 days or the declarations will be stricken. (ECF No. 88.) The Court addresses each of Defendants' requests herein.

///

### A.     Modification of Scheduling Order

Under Federal Rule of Civil Procedure ("Rule") 16, once a scheduling order has been filed, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). A court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609). However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609 (compiling cases). Thus, if the party seeking the modification "was not diligent, the inquiry should end." Id.

Defendants proffer that good cause exists to continue the deadlines because they were diligent in attempting to depose the relevant witnesses prior to the briefing and discovery deadlines. (ECF No. 86.) The Court agrees.

Defendants previously deposed the two named Plaintiffs in this action, and Defendants attempted to meet and confer with Plaintiff on several occasions regarding the other declarants Plaintiff intended to use in support of her class certification motion. However, Defendants did not learn the identity of Plaintiff's putative class member witnesses until Plaintiff filed the class certification motion. Further, none of the witnesses who provided declarations in support of Plaintiff's motion were identified in Plaintiff's initial disclosures (and none of the potential witnesses identified in Plaintiff's initial disclosures, apart from Plaintiff herself, provided declarations in support of the motion). Furthermore, after the class certification motion was filed, the parties reached an impasse as to whether Defendants were permitted to depose all 16 of the putative class witnesses, and the parties' meet and confer efforts resulted in completion of only two depositions. On this record, the Court finds Defendants were diligent in their efforts to depose the putative class witnesses, but they were unable to complete the depositions prior to the close of pre-certification discovery. Johnson, 975 F.2d at 609; Zivkovic, 302 F.3d at 1087. Accordingly, good cause exists to reopen discovery for the limited purpose of permitting the

parties to complete the requested depositions. Defendants' request to modify the schedule is therefore granted. The pre-certification discovery deadline shall be continued to June 9, 2023.

### B.   Federal Rule of Civil Procedure 30

Pursuant to Federal Rule of Civil Procedure ("Rule") 30, absent a stipulation, a party must obtain leave of the court to take more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). This presumptive limit of ten depositions per side is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." Thykkuttathil v. Keese, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). Leave to notice additional depositions is governed by Rule 26(b)(2), which requires the court to limit discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained by some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the permissible scope of discovery in Rule 26(b)(1) [any nonprivileged matter relevant to any party's claim or defense].

Fed. R. Civ. P. 26(b)(2)(C). The party seeking to exceed the presumptive limit generally "bears the burden of making a 'particularized showing' of the need for additional depositions." Thykkuttathil, 294 F.R.D. at 600; Kaseberg v. Conaco, LLC, No. 15-cv-0163-7JLS (DHB), 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); but see Pitkin v. Corizon Health, Inc., No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) ("the Federal Rules of Civil Procedure do not require a moving party to make a particularized showing of necessity when seeking leave to take additional depositions.").

The Court acknowledges the ten-deposition limit has, in many putative class actions, been waived in order to permit additional depositions to be taken. See, e.g., Aldapa v. Fowler Packing Co. Inc., No. 1:15-cv-00420-DAD-SAB, 2019 WL 1047492, at *14 (E.D. Cal. Mar. 5, 2019), on reconsideration in part, 2019 WL 2635947 (E.D. Cal. Jun. 27, 2019) (permitting

1  defendant to take 15 depositions of the absent class members); Westfall v. Ball Metal Beverage
2  Container Corp., No. 2:16-cv-02632 KJM CKD, 2019 WL 1902595, at *5 (E.D. Cal. Apr. 29,
3  2019) (permitting 26 class member depositions); Garnett v. ADT LLC, NO. 2:14-02851 WBS
4  DAD, 2015 WL 12942061, at * 2 (E.D. Cal. Dec. 2, 2015) (granting leave to depose all 14
5  putative class members who submitted declarations, plus plaintiff's three expert witnesses).
6  Nevertheless, the determination as to whether waiver of Rule 30's deposition limit is warranted
7  is case specific, due to the burden to show a "particularized … need for additional depositions."
8  Here, however, the Court is satisfied that Defendants have made the required showing.

9      The requested depositions are relevant to Plaintiff's claims that Defendants' meal and rest
10 period policies are unlawful, as each declarant proffers testimony about their personal
11 experiences with respect to being pressured to work through meal breaks and rest breaks.
12 Furthermore, deposing all declarants provides Defendants an opportunity to gather evidence and
13 potentially refute Plaintiff's claims.  Defendants' argument that they need to cross-examine
14 Plaintiff's witnesses is especially persuasive in light of the fact that, of the only two declarants
15 Defendants have been able to depose thus far, both have disavowed statements asserted in their
16 declarations.  Thus, the Court finds no improper purpose in this discovery sought by Defendants.

17     In opposition, Plaintiff argues "an absent class-action plaintiff is not required to do
18 anything." (ECF No. 88 at 6.)  However, with respect to the instant litigation, the Court finds
19 Defendants should "at the least … be able to depose" the 15 class members (in addition to the
20 expert witness) who have voluntarily injected themselves into this litigation by submitting sworn
21 statements against Defendants. Westfall, 2019 WL 1902595, at *5.

22     The Court additionally notes Plaintiff previously proposed Defendants should first be
23 required to take a sampling of the seven declarant depositions, which the parties scheduled for
24 the weeks of March 13 and March 20, before the Court entertains a request for leave to conduct
25 further declarant depositions. (ECF No. 88 at 6–10); see also Thykkuttathil, 294 F.R.D. at 600
26 (noting courts generally require a party to exhaust their allowed number of depositions before
27 moving to conduct additional depositions).  At this juncture, however, the Court does not find a
28 "sampling" is necessary before granting leave to depose all declarants.  See Aerojet

1 Rocketydyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-cv-01515-KJM-AC, 2018 WL 5993585, at
2 *1 (E.D. Cal. Nov. 6, 2018) (noting that some courts deviate from rule that available depositions
3 be exhausted before a party seeks additional depositions). Plaintiff's proposition, furthermore, is
4 now moot. The time period suggested by Plaintiff has passed, and Defendants previously
5 acquiesced, at the time, to Plaintiff's proposition by agreeing to first depose only seven of the
6 declarants. Notably, Plaintiff unilaterally chose which declarants Defendants would be permitted
7 to depose, rather than permitting Defendants to pick the seven declarants they believed to
8 represent an accurate "sampling" of the putative class. Of the seven depositions that were set,
9 however, all but two cancelled at the last minute, and Plaintiff refused to assist in facilitating the
10 rescheduling of those cancelled depositions. Furthermore, of the two depositions that were
11 completed, both deponents disavowed statements made in the declarations Plaintiff submitted in
12 support of her class certification motion. On this record, the Court finds Defendants have
13 demonstrated good cause exists to waive Rule 30's ten-deposition limit.

14 Accordingly, given the complexity of class actions, the number of putative class members
15 who submitted declarations in support of Plaintiff's motion for class certification, and
16 Defendants' showing of good cause, the Court shall grant Defendants' request for additional
17 depositions. Garnett, 2015 WL 12942061, at * 2. Defendants may depose all 16 putative class
18 witnesses who submitted declarations in support of Plaintiff's class certification motion, in
19 addition to Plaintiff's expert witness.

20 **C.    Order to Complete Depositions Within 60 Days or Declarations Will Be Stricken**
21

22 Defendants additionally seek an order that the declarations submitted in support of
23 Plaintiff's class certification motion will be stricken if the deponents are not produced for
24 deposition within 60 days. Defendants argue such an order is appropriate and routinely issued by
25 courts. (ECF No. 86 at 4.) In opposition, Plaintiff argues that striking declarations of any
26 declarants who do not appear for their depositions would deprive Plaintiff of her due process
27 rights, as no class has yet been certified and Defendants' request to strike any declarations at this
28 juncture is not ripe. (ECF No. 88 at 2.) The Court finds neither party's argument is particularly

persuasive, as neither is tied to the specific facts of this litigation. Merely asserting general arguments and citing to other favorable district court rulings, without more, is insufficient. In any event, the Court finds a blanket order striking declarations is overly broad and premature at this time and shall therefore deny Defendants' request for an order to strike declarations.

Nevertheless, the Court expects the aforementioned discovery to be completed within the time it has provided by extending the pre-certification discovery deadline to June 9, 2023. The Court is, furthermore, mindful of the difficulties Defendants have experienced thus far in deposing the declarants and Plaintiff's alleged refusal to provide assistance in facilitating these depositions, such as by advising Defendants of which declarants Plaintiff's counsel represents, or accepting deposition notices or subpoenas for the witnesses. Therefore, the Court is not opposed to reconsidering this aspect of its order if, going forward, Defendants continue to experience such difficulties in deposing Plaintiff's witnesses. Furthermore, the parties are advised that the Court will be receptive to any motion to compel deposition testimony, and is inclined to grant discovery sanctions in the event of a declarant's refusal to attend any reasonably-noticed deposition.

### D.     Continuance of Hearing on Class Certification Motion and Filing Deadlines

Finally, due to the filing of Defendants' *ex parte* application, the Court's order for supplemental briefing, and the findings addressed in the instant order, the Court shall further continue the briefing deadlines for Plaintiff's class certification motion, in order to permit completion of the aforementioned depositions.

## IV.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' *ex parte* application (ECF No. 86) is GRANTED IN PART, as follows:

1. The scheduling order is MODIFIED to reopen pre-certification discovery for the limited purpose of deposing the declarant witnesses identified in Plaintiff's class certification motion, and the pre-certification discovery is continued to **June 9, 2023**;

2. Defendants' request for leave to take the depositions of all 17 witnesses who submitted declarations in support of Plaintiff's class certification motion (16 putative class member witnesses and one expert witness declarant), in excess of the ten-deposition limit set forth under Federal Rule of Civil Procedure 30(a)(2)(A)(i) is GRANTED;

3. Defendants' request for an order that Plaintiff's declarations will be stricken if the declarants are not produced for deposition within 60 days is DENIED, without prejudice;

4. The deadline for Defendants' opposition to Plaintiff's class certification motion is hereby extended to **July 10, 2023**;

5. The deadline for Plaintiff's reply briefing on the class certification motion is hereby extended to **July 24, 2023**; and

6. The April 26, 2023 hearing on the class certification motion is CONTINUED to **August 9, 2023**, at **10:00 a.m**. in **Courtroom 9**.

IT IS SO ORDERED.

Dated: __**March 23, 2023**__

UNITED STATES MAGISTRATE JUDGE

11