# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SOCORRO VEGA, | Case No. 1:19-cv-00484-ADA-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION |
| v. | |
| DNC PARKS & RESORTS AT ASILOMAR, INC., et al., | ORDER CONTINUING AUGUST 16, 2023 HEARING ON CLASS CERTIFICATION MOTION AND BRIEFING DEADLINES |
| Defendants. | (ECF Nos. 101, 103, 105, 106) |

**I.**

**INTRODUCTION**

Plaintiff initiated this putative class action on April 12, 2019. (ECF No. 1.) The action asserts claims relating to failure to provide meal periods and failure to authorize and permit rest periods. Plaintiff filed a motion to certify the class on February 17, 2023. (ECF No. 82.) Defendants filed an opposition on July 10, 2023. (ECF No. 102.) The hearing on the motion is currently set for August 16, 2023. (ECF No. 101.)

On July 13, 2023, Plaintiff filed an *ex parte* application (1) to extend the deadline to file her reply brief in support of her motion for class certification, from July 24, 2023 to September 18, 2023, to allow time for depositions of witnesses who submitted declarations in support of Defendants' opposition to the motion for class certification; and (2) for leave to take the

1 depositions of the 36 witnesses who submitted declarations in support of Defendants' opposition
2 or, alternatively, at least 12 of Defendants' declarants.  (ECF No. 103.)  On July 14, 2023, the
3 Court ordered Defendants to respond to the *ex parte* application and indicated it would continue
4 the class certification hearing dates, as necessary.  (ECF No. 104.)  Defendants opposed the *ex*
5 *parte* application on July 28, 2023.  (ECF No. 105.)  Plaintiff filed a reply on August 7, 2023.
6 (ECF No. 106.)  The matter is now deemed submitted.

## II.

## BACKGROUND

As an initial matter, the Court notes Plaintiff's instant *ex parte* application was filed on the heels of a very similar *ex parte* matter that Defendants submitted prior to the filing of their opposition to the class certification motion.  In that instance, Defendants sought to extend the deadline to oppose the class certification motion in order to depose the witnesses who submitted declarations in support of Plaintiff's motion (and leave to take the additional depositions), and a court order that would strike the declarations from Plaintiff's motion if the witnesses were not produced for deposition.[1]  (See ECF No. 86.)  After the matter was fully-briefed, including supplemental briefing, the Court partially-granted Defendants' *ex parte* application and extended the briefing deadlines to permit Defendants to take the requested witness depositions.[2]  (ECF Nos. 87, 88, 89, 90, 91, 92, 93, 94.)  As Plaintiff notes, this resulted in Defendants gaining a continuance of more than 18 weeks to file an opposition to the class certification motion.  (See ECF No. 103 at 5.)  More specifically, the scheduling order was modified to reopen pre-certification discovery for the limited purpose of deposing the declarant witnesses identified in

---

[1] The Court further notes, however, that Defendants' *ex parte* application was brought because Plaintiff did not identify her declarant witnesses in her initial disclosures or at any other point prior to the filing of the class certification motion, despite Defendants' multiple requests.  Thus, Defendants did not learn the identities (though still not the contact information) of Plaintiff's witness declarants until the February 17, 2023 filing of the motion for class certification.  Such circumstances, therefore, are distinguishable from the instant matter, in which Plaintiff received copies of the witness declarations Defendants intended to use in support of their opposition to the class certification motion in January 2023, a full six months before the July 10, 2023 filing of the opposition to the class certification motion.

[2] Thereafter, an informal discovery dispute arose, in which Defendants complained Plaintiff's witnesses were not appearing for their depositions and that Plaintiff was not assisting to facilitate in the completion of those depositions. (ECF No. 96.)  This issue finally resolved with the parties stipulating to strike certain declarations from Plaintiff's class certification motion due to witness unavailability/refusal to be deposed.  (See ECF Nos. 97, 98, 99, 100.)

1 Plaintiff's class certification motion, until June 9, 2023; Defendants' deadline to oppose the class
2 certification motion was extended to July 10, 2023; the reply brief deadline was extended to July
3 24, 2023; and the hearing on the class certification motion was continued to August 16, 2023.
4 (ECF No. 94 at 10–11.)

5      On July 10, 2023, Defendants timely filed their opposition to Plaintiff's class certification
6 motion. (ECF No. 102.) The opposition includes supporting declarations from 36 putative class
7 members.

8      Plaintiff asserts she has been unable to schedule the depositions of any of the 36 putative
9 class members who submitted declarations in support of Defendants' opposition to the motion
10 for class certification. (ECF No. 103 at 2.) Plaintiff proffers Defendants previously represented,
11 on April 12, 2023, they would stipulate to allow Plaintiff additional time to file the reply, but
12 they did not indicate how long of an extension they would permit, and they would not agree to
13 stipulate to such until closer to the filing of their opposition. (Id. at 2, 5; Kirnosova Decl. ¶ 3,
14 ECF No. 103-1; Stahle Decl. ¶ 3, ECF No. 103-2.) At the May 10, 2023 informal discovery
15 conference, Defendants also stated they would not produce any of their declarants for deposition
16 until all of the depositions of Plaintiff's declarants were completed. (ECF No. 103 at 7;
17 Kirnosova Decl. ¶ 5.) As the deadline to oppose the class certification motion approached,
18 Plaintiff reached out to Defendants to request an eight-week continuance of the reply deadline to
19 take depositions. Plaintiff sent emails on July 7 and 10, 2023, but Defendants did not reply. On
20 July 12, 2023, Plaintiff sent another request; in response, Defendants purportedly "reneged" on
21 their prior representations and refused to stipulate to any continuance or provide availability for
22 depositions of any of Defendants' 36 declarants. (ECF No. 103 at 2–3, 5; Kirnosova Decl. ¶ 4,
23 Ex. A, ECF No. 103-1 at 5–8.)

24      Defendants present a slightly different account of events. First, they note that they
25 produced the declarations of all 36 putative class declarants that they intended to use to oppose
26 Plaintiff's class certification motion on January 23, 2023. (ECF No. 105 at 6; Pelliconi Decl. ¶
27 3, ECF No. 105-1, Ex. A, ECF No. 105-1 at 6–7; see also ECF No. 94 at 2 (order stating this fact
28 in its summary of procedural posture of litigation).) Defendants proffer they repeatedly

3

1  attempted to coordinate depositions of their declarants with Plaintiff shortly after the January 23,
2  2023 production, but Plaintiff would not cooperate: Defendants note they emailed Plaintiff to
3  coordinate such depositions on January 30, 2023 (Pelliconi Decl. ¶ 4, Ex. B, ECF No. 105-1 at
4  8–9); they left a voicemail for Plaintiff's counsel on February 6, 2023 (Pelliconi Decl. ¶ 5); and
5  they emailed Plaintiff on February 7, 2023 (Pelliconi Decl. ¶ 6, Ex. C, ECF No. 105-1 at 10–11).
6  However, Defendants proffer Plaintiff failed to respond to these inquiries and made no attempts
7  at that time to take any of the depositions.  (ECF No. 105 at 6–7; Pelliconi Decl. ¶ 6.)  As to
8  Plaintiff's representation that Defendants agreed to grant an extension to take depositions and
9  file a reply brief during their April 12, 2023 communication, Defendants proffer they only agreed
10 to "consider" Plaintiff's request for a stipulated extension "once [Plaintiff] was able to determine
11 the number of declarants she wanted to depose—which Plaintiff said she would not be able to do
12 until after Defendants filed their Opposition to the [class certification motion] on July 10, 2023."
13 (ECF No. 105 at 4 n.1.)  Further, Defendants proffer they advised Plaintiff during the April 12
14 communication that they would not stipulate to allow her to exceed the 10-deposition rule,
15 "[because] she had refused to stipulate to the same request when made by Defendants."  (Id. at 4
16 n.1, 7; Pelliconi Decl. ¶ 7.)

17         On July 13, 2023, Plaintiff submitted the instant *ex parte* application.  (ECF No. 103.)
18 Plaintiff seeks leave to depose at least 12 of the putative class member declarants, if not all 36
19 declarants.  (See id. at 3.)  As previously detailed, the Court ordered oppositional and reply
20 briefings to the *ex parte* application; the parties have submitted these filings.  (See ECF Nos.
21 104, 105, 106.)  The matter is now fully briefed and deemed submitted on the pleadings.

## III.

## DISCUSSION

24         Plaintiff seeks leave to depose the 36 putative class members who submitted declarations
25 in support of Defendants' opposition to the class certification motion or, in the alternative, leave
26 to depose at least 12 of those witnesses.  In order to facilitate the depositions, she also seeks a
27 modification of the scheduling order to permit the pre-certification discovery, an extension of
28 time to reply to Defendants' opposition to the class certification motion, and an order granting

4

relief from the 10-deposition limit provided under Federal Rule of Civil Procedure 30(a)(2)(A)(i). (ECF No. 103 at 7–9.)

Defendants oppose Plaintiff's application on multiple bases: they assert Plaintiff has not demonstrated *ex parte* relief is warranted because the purported "crisis" was of counsel's own making; that Plaintiff has not demonstrated sufficient diligence to justify the requested relief; and that Plaintiff has not satisfied the Rule 30 standards to demonstrate a necessity for the depositions that outweighs the burden they would create. (ECF No. 105.) The Court addresses the parties' arguments herein.

**A.      *Ex Parte* Relief**

As an initial matter, the Court addresses the parties' arguments as to whether *ex parte* relief from the regularly noticed motion procedures is warranted.

To establish that use of the *ex parte* procedure is justified, the party must demonstrate at least one of the following situations is applicable: (1) there is a threat of immediate or irreparable injury/prejudice if the underlying motion is heard according to regular noticed motion procedures; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (*i.e.,* to file an overlong brief or shorten the time within which a motion may be brought). Moore v. Chase, Inc., No. 1:14-cv-01178-SKO (E.D. Cal. Aug. 3, 2015), 2015 WL 4636750, at *2 (citations omitted).

In addition, Local Rule 144 provides:

> The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted.

E.D. Cal. L.R. 144(c).

The Court will not grant *ex parte* relief unless "the moving party is without fault in creating the crisis that requires ex parte relief, or … the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co. (Mission Power), 883 F. Supp. 488, 492

1 (C.D. Cal. 1995); see also Erichsen v. Cnty. of Orange, 677 Fed. App'x 379, 380 (9th Cir. 2017) (affirming determination that moving parties failed to meet the "threshold requirement" for *ex parte* relief because "they did not establish they were 'without fault in creating the crisis that requires ex parte relief' ").

Here, the Court is satisfied that Plaintiff has, at a minimum, satisfied the initial requirements to warrant *ex parte* relief. As of the July 13, 2023 filing date of Plaintiff's *ex parte* application, Plaintiff's reply briefing was due by July 24, 2023, and she would be unable to complete the depositions of the 36 declarant witnesses identified in Defendants' opposition to the class certification motion. The Court is persuaded that irreparable harm might ensue if Plaintiff is required to reply to the opposition without having had an opportunity to depose a fair sampling, if not all, of the deponents who submitted sworn statements in support of Defendants' opposition. Furthermore, the potential for harm appears particularly strong where—as Plaintiff notes—the declarants all currently remain employees of Defendants, and therefore a "heightened potential for coercion" may exist, which further supports Plaintiff's need to test those declarants' credibility through deposition. (See ECF No. 106 at 7–8.)

However, the Court is not persuaded that Plaintiff has met her burden to demonstrate she is "without fault in creating the crisis that requires ex parte relief, or … the crisis occurred as a result of excusable neglect." Mission Power, 883 F. Supp. at 492. Here, Defendants provided the declarations of the 36 defense witnesses to Plaintiff in January 2023 and offered to facilitate depositions at that time. Plaintiff therefore had ample time to attempt to depose those witnesses or seek Court intervention, as necessary, without needing to resort to *ex parte* relief. Plaintiff argues that, at the time of the January 2023 production,[3] the pre-certification discovery deadline was December 14, 2022; therefore, discovery was already closed and Plaintiff would require leave from the Court to conduct depositions. (See ECF No. 106 at 2; see also ECF No. 81.) Plaintiff also proffers that, at that time, more than 300 pages of declarations were disclosed less

---

[3] In noting that the declarations, though executed in December 2022, were not produced by Defendants until January 23, 2023, Plaintiff suggests Defendants intentionally delayed producing the declarations until shortly before Plaintiff's deadline to file the motion for class certification. It also appears the delay resulted in the declarations being not being produced until after the close of pre-certification discovery, which could limit Plaintiff's opportunities for follow up discovery requests.

1  than four weeks before Plaintiff's deadline to file the motion for class certification and therefore, counsel's focus was on preparing Plaintiff's motion and supporting evidence. (ECF No. 106 at 2; Kirnosova Supp. Decl. ¶ 3, ECF No. 106-1.) However, Plaintiff does not explain why she did not, at this time, seek leave from the Court to reopen pre-certification discovery, request an extension to file the class certification brief, or seek any other relief. The fact that Plaintiff does not dispute Defendants' assertions that she failed to respond to their offers in January 2023 to facilitate the depositions also demonstrates a lack of diligence.

Plaintiff also argues that, after the class certification motion was filed, and during the time Defendants sought to depose all of Plaintiff's witness declarants, Defendants withdrew their offer to facilitate the depositions of their 36 declarants and instead represented to Plaintiff that Defendants would not produce their declarants for depositions until all of the depositions of Plaintiff's declarants were completed. (ECF No. 106 at 2; Kirnosova Supp. Decl. ¶ 3.) Again, however, Plaintiff does not explain why she did not file a motion to compel or seek other court intervention at that time. It thus remains unclear to this Court why Plaintiff failed to seek such relief after the class certification motion was filed, in February 2023, and instead waited to request *ex parte* relief until five months later, mere weeks before her reply brief would be due.

The Court also acknowledges the parties appear to dispute what exactly was agreed to during their April 12, 2023 meet and confer phone call. (Compare Pelliconi Decl. ¶ 7 with Kirnosova Decl. ¶ 3 and Kirnosova Supp. Decl. ¶ 3.) Plaintiff proffers her understanding was that Defendants agreed they would allow Plaintiff to depose their declarants and stipulate to a continuance of the reply briefing, with the specifics to be determined at a date after the opposition to the motion was filed. Defendants, meanwhile, maintain no such agreement was reached but rather, they indicated a stipulation would only be forthcoming if Plaintiff identified how many depositions she wanted to take; furthermore, in no event would Defendants permit Plaintiff to exceed the 10-deposition limit. Unfortunately, the Court does possess sufficient evidence to determine which interpretation of the April 2023 phone conversation is more accurate, though it does not have any reason to disregard Plaintiff's counsel's proffer as disingenuous and declines to do so at this time.

7

1 Regardless, the Court notes the April 2023 conversation still occurred months after the
2 January 2023 declarations were produced to Plaintiff, and the Court still cannot discern a reason
3 for Plaintiff's delay in attempting to take the depositions. At most, Plaintiff proffers she believed
4 it prudent to wait to attempt to depose Defendants' declarants until after the opposition was filed,
5 so as to see how the declarations would be used. (See ECF No. 103-1 at 5 (email
6 correspondence between parties).) Defendants argue this proffer is nonsensical, as the claims in
7 this case are clearly related to the alleged failure to provide meal and rest periods, and the import
8 of the declarations was unambiguously to show that meal and rest periods were appropriately
9 provided at work. (ECF No. 105 at 8–9.) The Court tends to agree with Defendants' argument.
10 It is plainly discernable from the face of the declarations—each of which are very simple, and
11 only approximately five-pages long—that their purpose is to show that meal and rest periods
12 were appropriately provided, as every declaration contains a section titled "Facts About [Meal
13 Periods and/or Rest Periods/Breaks]," in which statements that the employee has always received
14 a proper break is underlined in red. (See, generally, ECF No. 102-2 (Defendants' compendium
15 of putative class member declaration evidence in support of opposition to motion for class
16 certification).) Further, the Court notes the declarations from Defendants' witnesses are all
17 strikingly similar in this regard. (Compare, e.g., id. at 8–11 (employee always receives 30-
18 minute "uninterrupted, duty-free lunch break" in a shift of at least five hours, and receives
19 uninterrupted rest breaks) with 27–30 (same), 87–90 (same), 36–39 (same, but sometimes elects
20 to waive rest breaks if didn't feel like taking them), 57–59 (same, plus any time spent walking to
21 and from work area does not count as part of the meal break), and 17–20 (employee has always
22 worked an eight-hour shift and received "a timely uninterrupted meal period of at least 30
23 minutes," and did not have issues getting coverage for an early break).) Consequently, it is
24 unclear to the Court why Plaintiff would need to depose all 36 declarants and not a "sampling"
25 of this group. Indeed, in requesting leave to waive Rule 30's 10-deposition limit, Plaintiff seeks
26 leave to depose either all 36 declarants or, alternatively, 12 of the declarants, but she does not
27 identify which declarants or explain her reasoning for these numbers. Plaintiff's argument that
28 she needed to "wait and see" what the opposition said before attempting to depose the witnesses

is therefore unavailing.

Finally, Plaintiff proffers that, after Defendants completed deposing Plaintiff's witnesses and filing their opposition to the class certification motion, they refused Plaintiff's renewed requests to produce any of their declarants without a court order and refused to provide any contact information for the declarants to allow Plaintiff to subpoena them. (ECF No. 106 at 2–3; Kirnosova Supp. Decl. ¶ 3, Ex. A, ECF No. 106-1 at 4–9.) At this point, however, Defendants' actions are understandable. Pre-certification discovery was long closed and Plaintiff never sought a Court order to reopen it; nor did she timely seek any other relief from the Court until after the opposition was filed.[4] Further, the present record before this Court shows that most of the discovery being conducted (*i.e.*, depositions) was being done long after the initial December 12, 2022 discovery deadline.[5]

In sum, Plaintiff did not file any noticed motion to compel, modify the schedule, or to extend the briefing deadlines until six months after Defendants' initial disclosure of their declarations, and instead filed the instant *ex parte* motion a mere couple of weeks before her reply briefing deadline. On this record, the Court concludes Plaintiff has not presented a

---

[4] Indeed, had Plaintiff simply filed a timely motion seeking to continue the discovery deadline and briefing schedule, the Court would have been inclined to grant it. As noted in the Court's March 29, 2022 scheduling order and discussed at the scheduling conference, "given the potential need for additional discovery or depositions to properly oppose a motion relating to class certification that may arise after the filing of the motion, the Court is heavily inclined to expand any opposition or reply briefing periods to allow for the completion of such discovery. The parties are encouraged to meet and confer at the appropriate time and submit a stipulation expanding such briefing periods as necessary." (ECF No. 74 at 2–3.) However, the Court also cautioned the parties that

> the discovery cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(Id. at 3 (emphasis in original).)

[5] In fact, the original pre-certification discovery deadline was set for November 30, 2022 (ECF No. 74 at 3), but was continued to December 12, 2022, pursuant to the parties' stipulated request (ECF No. 81). The pre-certification deadline was extended again, until June 9, 2023, after the Court granted Defendants' motion. (See ECF No. 94.)

sufficient showing that the extraordinary remedy of *ex parte* relief is warranted.

Furthermore, even if the Court granted *ex parte* review, it would deny Plaintiff's motion to modify the schedule to reopen the pre-certification discovery. Modification of a scheduling order under Rule 16 "primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Where the party seeking the modification "was not diligent, the inquiry should end." Id. Here, the Court finds Plaintiff has not established diligence in seeking the depositions of Defendants' declarants for the same reasons previously discussed. As such, the Court's inquiry ends.[6] Id.

**B.     Continuance of Hearing on Class Certification Motion and Filing Deadlines**

Due to the filing and adjudication of Plaintiff's *ex parte* application, the Court shall continue the reply briefing deadline and hearing date for Plaintiff's class certification motion so that Plaintiff may file the reply.

## IV.
## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application (ECF No. 103) is DENIED;
2. The deadline for Plaintiff's reply briefing on the class certification motion is hereby extended to **August 23, 2023**; and

///
///
///
///
///
///

---

[6] The Court is not unsympathetic to Plaintiff's arguments that a "heightened potential for coercion" may exist with respect to declarations submitted by putative class members who are still employed by Defendants, which appears meritorious. This argument alone, however, is insufficient to overcome Plaintiff's failure to meet her burden of diligence for purposes of the instant motion. In any event, the Court notes Plaintiff is not precluded from raising these same arguments in her reply to Defendants' opposition to the class certification motion or stating why this Court should not consider the declarations in light of their submission timing.

10

3. The August 16, 2023 hearing on the class certification motion is CONTINUED to **August 30, 2023**, at **10:00 a.m**. in **Courtroom 9**.

IT IS SO ORDERED.

Dated:  **August 10, 2023**

UNITED STATES MAGISTRATE JUDGE